**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAADA KARAGBO,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-1057** |
| | : | |
| **KOLU JOHNSON,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**MCHUGH, J.**                                                                                   **MARCH 3, 2026**

Maada Karagbo filed this case naming Kolu Johnson as the Defendant and asserting a

claim based on the falsification of a lease.  Karagbo also seeks leave to proceed *in forma*

*pauperis*.  For the following reasons, the Court will grant Karagbo leave to proceed without

paying the filing fee and dismiss the case for lack of subject matter jurisdiction.

**I.     FACTUAL ALLEGATIONS**[1]

Mr. Karagbo asserts briefly that Johnson forged his name on a lease document and failed

to maintain the property.  (Compl. at 4.)  He claims this led him to experience emotional distress

and lose "a lot of hours from my job" to attend court hearings.  (*Id*.)  Because of this, Karagbo

had to file for bankruptcy.  (*Id*.)  He also attached documents to his Complaint related to a

landlord/tenant case in the Philadelphia Municipal Court.  (ECF No. 2-1.)  He seeks $5,000 in

money damages.  (Compl. at 5.)

Mr. Karagbo lists addresses in Philadelphia for both himself and Johnson.  (*Id*. at 2-3.)  In

the portion of the form that he used to file his case that asks for the state citizenships of the

parties, he indicated that he is a United States citizen and wrote "N/A" for Johnson.  (*Id*. at 4.)

---

[1] The facts are taken from Karagbo's Complaint ("Compl.").  (ECF No. 2).  The Court
adopts the pagination supplied to all *pro se* submissions by the CM/ECF docketing system.

**II.    STANDARD OF REVIEW**

The Court grants Karagbo leave to proceed *in forma pauperis* because he appears unable to pay the filing fee.  In all cases, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).  The Court construes *pro se* allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

**III.    DISCUSSION**

Mr. Karagbo appears to assert a state law claim against Johnson for forging his name on a lease document and failing to maintain the leased property, causing him to suffer damages of $5,000.  As there is no basis for federal question jurisdiction over such a claim, the only source of subject matter jurisdiction in federal court would be diversity of citizenship.  28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."  *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also* 28 U.S.C. § 1446 ("If removal of a civil action is sought

on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). Section 1332(a) requires "complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal quotation marks and footnotes omitted)). As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (*per curiam*) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n.13 (3d Cir.1999)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Residence alone is insufficient to establish domicile. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely."). Rather, "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Hovensa LLC*, 652 F.3d at 344.

Mr. Karagbo has failed to allege his own state citizenship and that of Johnson. He provides addresses in Philadelphia for both himself and Johnson, suggesting that they are both citizens of Pennsylvania. (*See* Compl. at 2-3.) Even if they were domiciled in different states, diversity jurisdiction would still be lacking since he only requests $5,000 in money damages, meaning that the amount in controversy does not exceed $75,000. Accordingly, the Court will

dismiss the case without prejudice for lack of subject matter jurisdiction so that Karagbo can bring his claim in state court where state citizenship and the amount in controversy will not be factors.[2]

An Order dismissing this case will be entered separately.  *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. MCHUGH, J.**

---

[2] The Court expresses no opinion on the merits of Karagbo's claims.